[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence May 20, 1996
Date of Application May 28, 1996
Date of Application Filed May 30, 1996
Date of Decision March 25, 1997
Application for review of sentence imposed by the Superior Court, Judicial District of Hartford/New Britain, at Hartford.
Docket No. CR95-467722;
Carmine J. Giuliano, Esq., Defense Counsel, for Petitioner.
Carl Taylor, Esq., Assistant State's Attorney, for the State.
SENTENCE AFFIRMED.
BY THE DIVISION:
The petitioner, who was then 72 years of age, was convicted following a trial by jury of:
1. Attempted possession of narcotics (53a-49 (a)(2); 21a-279 (a).
 2. Attempted possession of narcotics within 1500' of a school/housing project (53a-49 (a)(2); 21a-279d).
3. Assault 1st degree (53a-59 (a)(3).
4. Interfering with police (53a-167a).
He was sentenced as follows:
Attempted possession of narcotics — 7 years.
 Attempted possession of narcotics within 1500' of school housing project — 2 years consecutive to the 7 years. CT Page 4443
 Assault 1st degree — 20 years, execution suspended after 12 years and 4 months, concurrent.
Interfering with police — 1 year concurrent
The total effective sentence being 20 years, execution suspended after 12 years and 4 months. (A 3 year probationary period was imposed).
All of the charges arose out of one incident in Hartford on January 14, 1995. At approximately 11:30 a.m. an undercover officer was standing at Bellevue Square posing as a street level drug dealer. Otto drove up, summoned the officer to his car and asked for five bags of heroin.
The officer thereupon identified himself while clearly identified back-up police arrived. At the time Otto sped toward the officers striking two of them with his vehicle. When a police vehicle blocked his path, he tried to go around on the sidewalk, but stopped when another officer broke the driver's side window. At that point Otto tried to mace the officers, but was subdued. The injuries to police included a fractured cheekbone, a fractured wrist, and numerous cuts and contusions.
The petitioner has a lengthy criminal record going back to 1948. His convictions include multiple burglaries, probation violation, motor vehicle thefts, possession of counterfeit money and, in 1982, three convictions for bank robbery, one of which included the taking of a hostage.
He has served time in Attica, N.Y., as well as in federal penitentiaries. In 1983 he was sentenced to a federal term of 20 years for the bank robberies. (At that time he was approximately 60 years old.) He was on federal parole when the present crimes occurred, having been released in 1992.
The petitioner claims he did not intentionally assault the police and denies attempting to buy narcotics.
Both Otto and his attorney, in their remarks to the Review Division, claim that the two officers collected settlements from Otto's insurance carrier on the basis that their injuries were caused by negligence, not intentional acts.
Even if true, we are faced with the fact that the petitioner CT Page 4444 stands convicted of assault, 1st degree, a class B felony. (The relevant subsection states "under circumstances evincing an extreme indifference to human life, he recklessly engages in conduct which creates a risk of death to another person, and thereby causes serious physical injury to another person." He also stands convicted of the drug offenses and the interfering charge.
Based on the crimes for which he was convicted, the facts and circumstances underlying his convictions and his career criminal record, the sentencing court was well within the parameters of a reasonable and proportionate sentence.
Reviewing this sentence in accordance with the provisions of P.B. § 942, we conclude the sentence should be, affirmed.
Purtill, Klaczak and Stanley, J.s, participated in this decision.